UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BIANCO and           )
JOAN BIANCO                  )
    Plaintiffs,              )
                          )                      COMPLAINT
v.                           )
                          )                      Civil Action No.: 10-10443
CCI, INC.                    )
    Defendant.               )

## INTRODUCTION

1. This is a personal injury claim for money damages brought by an individual injured while repairing a telescopic boom lift because of the negligence of the defendant's employees.

## THE PARTIES

2. The Plaintiff, Anthony Bianco, resides at 547 Trimtown Road, Scituate, Rhode Island.

3. The Plaintiff, Joan Bianco, resides at 547 Trimtown Road, Sciuate, Rhode Island and at all times relevant to this lawsuit was married to Anthony Bianco.

4. The Defendant, CCI, INC., hereinafter ("CCI") is an Alaska corporation with a corporate headquarters at 14 Lafayette Road, North Hampton, New Hampshire.

## JURISDICTION

5. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

6. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

7. On or about September 11, 2008, the Plaintiff, Anthony Bianco was employed by RSC Equipment Rental, Inc., hereinafter ("RSC"), an equipment rental company located at

1

One Fields Point Drive, Providence, Rhode Island, as a road technician.

8. At that same time, the Defendant, CCI, rented a telescopic boom lift from RSC to use at 9 Park Avenue, Hull, Massachusetts.

9. At that same time and place, the telescopic boom lift was making an abnormal loud noise and RSC dispatched Anthony Bianco to service it.

10. While exercising due care and in the course of his employment, Anthony Bianco's arm was crushed in the telescopic boom when CCI's employees negligently activated said boom.

## COUNT I:
### NEGLIGENCE
(ANTHONY BIANCO v. CCI, INC.)

11. Paragraphs 1-8 are adopted by reference.

12. The Defendant has a duty to use due care in the performance of its duties at the construction site, and breached that duty by negligently training and supervising their employees and failing to provide the plaintiff with safe access to the work area and a safe method to perform the work, and in other respects that will be shown at trial.

13. As a direct and proximate result of the defendant's negligence, Anthony Bianco sustained serious bodily injuries, suffered great pain of body and mind, expended money for medical care and attendance, and was prevented from performing his usual duties, when one of CCI's employees or agents negligently activated the boom Anthony Bianco was servicing while his arm was inside it.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enters judgment in his favor against the Defendant.

2. That this court enter such other and further relief as it deems appropriate.

## COUNT II:
## LOSS OF CONSORTIUM
### (JOAN BIANCO v. CCI, INC.)

11. Paragraphs 1-10 are adopted by reference.

12. At all times relevant to this lawsuit, Plaintiff Anthony Bianco was legally married to Plaintiff Joan Bianco.

13. As a direct and proximate result of this incident, Plaintiff Joan Bianco lost the care, comfort, society, and consortium of her husband, Anthony Bianco.

### REQUEST FOR RELIEF

For these reasons, the plaintiff demands as follows:

1. That this court enters judgment in his favor against the Defendant.

2. That this court enter such other and further relief as it deems appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
By their attorney,

/s/ Thomas M. Bond
Thomas M. Bond, B.B.O. No. 546649
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
tbond@kaplanbond.com

DATED: March 15, 2010